UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA WOOD,

    Plaintiff

v.

JANSEN WOOD, MELISSA WOOD,

    Defendants

Case No.: 3:25-cv-00180-ART-CSD

**Order**

Re: ECF No. 36, 39, 42, 50, 51

    Before the court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. (ECF No. 36.) Plaintiff filed a response. (ECF No. 45.) Defendants filed a reply. (ECF No. 52.) Each party also filed their own proposed discovery plan and scheduling order. (ECF Nos. 50, 51.) Finally, Plaintiff filed a motion for sanctions (ECF No. 39) and motion for relief related to the alleged failure to provide discovery (ECF No. 42).

## I. BACKGROUND

    Plaintiff Andrea Wood filed this action against her siblings, Jansen Wood and Melissa Wood, asserting various claims relating to the trust set up by their now deceased father. (ECF No. 7.) Defendants have filed a motion to dismiss this action, arguing: (1) this court does not have personal jurisdiction over the Defendants, who are residents of Florida and have no contacts with Nevada; (2) this court lacks subject matter jurisdiction and must abstain from interfering with decisions that have already been litigated in Florida concerning this trust; (3) Plaintiff fails to state a claim under Rule 12(b) and her claims are barred by res judicata as a result of the Florida litigation; (4) Plaintiff did not properly serve Defendants with this complaint; (5) Plaintiff's complaint ails to state a short and plain statement for relief. (ECF No. 23.)

Plaintiff filed various documents opposing the motion to dismiss. (ECF Nos. 32, 33, 34.) Defendants have moved to strike the additional responses. (ECF No. 35.)

The undersigned set this matter for a case management conference on July 16, 2025, and ordered the parties to file a joint case management report and proposed discovery plan and scheduling order. (ECF No. 25.) They have also filed their reply brief, making the motion to dismiss fully briefed and pending before District Judge Traum. (ECF No. 37.) Plaintiff filed a response to their reply brief. (ECF No. 40.)

Plaintiff also filed a motion for sanctions stating that Defendants ignored court orders regarding providing discovery within 14 days of a demand (ECF No. 39) and motion for relief for the alleged failure to provide discovery (ECF No. 42).

Defendants move to stay discovery in this matter pending resolution of their motion to dismiss. (ECF No. 36.)

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

Under the "preliminary peek" approach, courts look at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id*. (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted). "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

This court has generally used the preliminary peek approach to assess whether a stay is warranted pending resolution of a dispositive motion, and will do so in this case.

First, the court finds that the pending motion is potentially dispositive of all of Plaintiff's claims in this court. Second, the court concludes that the motion to dismiss can be decided

3

without additional discovery. Finally, the court has taken a "preliminary peek" at the motion to dismiss, and is convinced that it will be successful, and this action will be dismissed.

First, Defendants appear to be correct that this court does not have personal jurisdiction over them as they are residents of Florida, with no contacts (related or unrelated to the trust) with the State of Nevada.

Second, the District of Nevada does not have subject matter jurisdiction over these claims and should refrain from interfering in litigation decisions made by the Florida state court relative to these parties and the trust. It appears that by filing this litigation here, Plaintiff is attempting to create an end-run around the decisions made by the Florida court that were unfavorable to her position. Many of the issues are likely also barred by the doctrine of res judicata, as these issues were litigated to conclusion in the Florida state court.

Third, it does not appear that service was properly effectuated on the Defendants.

Finally, the court agrees with Defendants that the complaint fails to state a short and plain statement for relief in conformity with Federal Rule of Civil Procedure 8. While this infirmity might be corrected by amendment, the other deficiencies discussed above are fatal to Plaintiff bringing this action in the District of Nevada.

As a result, Defendants' motion to stay discovery is granted. The court will deny the parties' respectively discovery plan and scheduling order as moot, and will vacate the upcoming case management conference. As no discovery plan and scheduling order has yet been entered, Plaintiff's motion for sanctions and motion for relief related to the alleged failure to provide discovery are denied.

///

///

### III. CONCLUSION

(1) Defendants' motion to stay discovery pending resolution of their motion to dismiss (ECF No. 36) is **GRANTED**. Discovery is stayed pending resolution of the motion to dismiss. If an order is entered denying the motion to dismiss, the parties shall file a proposed discovery plan and scheduling order within 21 days of entry of that order.

(2) The parties' respective proposed discovery plan and scheduling order (ECF Nos. 50, 51) are **DENIED AS MOOT**.

(3) The case management conference scheduled for July 16, 2025, is **VACATED**.

(4) Plaintiff's motion for sanctions (ECF No. 39) is **DENIED**.

(5) Plaintiff's motion for relief (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 14, 2025

_____
Craig S. Denney
United States Magistrate Judge