# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| ANDREA WOOD, | Case No.: 3:25-cv-00180-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 70 |
| JANSEN WOOD and MELISSA WOOD, |  |
| Defendants |  |

Plaintiff has filed a motion for the court to reconsider its order at ECF No. 54, staying discovery in this matter. (ECF No. 70.) In this motion, Plaintiff argues the court has jurisdiction over the Defendants; there is no res judicata; the Defendants were properly served; and the argument there is no claim is "ridiculous."

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the

original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiff merely repeats arguments she made, or could have made, in response to the motion to stay discovery. She does not point to any newly discovered evidence that was unavailable when the original motion or response was filed. Nor has Plaintiff demonstrated the court committed clear error or that the decision to stay discovery was manifestly unjust. Finally, there has been no intervening change in controlling law.

As such, Plaintiff's motion for reconsideration (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 27, 2025

_____
Craig S. Denney
United States Magistrate Judge