1

2

UNITED STATES DISTRICT COURT

3

DISTRICT OF NEVADA

4

ANDREA WOOD,                                    Case No. 3:25-cv-00180-ART-CSD

5

                                    Plaintiff,

6

        v.                                              ORDER GRANTING MOTION TO DISMISS

7

JANSEN WOOD, *et al.*,                              (ECF No. 23)

8

                                    Defendants.

9      *Pro se* Plaintiff Andrea Wood sues her siblings Jansen Wood and Melissa

10    Wood over the management of their father's estate, bringing claims sounding in

11    tort, contract, breach of fiduciary duty, and the federal Constitution. (ECF No. 7.)

12    Defendants filed a motion to dismiss claiming, among other things, that the Court

13    lacks personal jurisdiction. (ECF No. 23.) Plaintiff has since submitted multiple

14    filings responsive to the motion to dismiss (ECF Nos. 32, 33, 34, 95, 112, 116,

15    129), including a motion to strike (ECF No. 38). The Court now denies Plaintiff's

16    motion to strike (ECF No. 38) and grants Defendants' motion to dismiss. (ECF

17    No. 23.)

18    **I.      DISCUSSION**

19    **A. Plaintiff's motion to strike Defendant's motion to dismiss is**

20    **denied. (ECF No. 38.)**

21          Under Rule 12(f), "The court may strike from a pleading an insufficient

22    defense or any redundant, immaterial, impertinent, or scandalous matter." "The

23    function of a 12(f) motion to strike is to avoid the expenditure of time and money

24    that must arise from litigating spurious issues by dispensing with those issues

25    prior to trial...." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)

26    (quotation marks, citation, and first alteration omitted), *rev'd on other grounds by*

27    *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

28

The Court denies Plaintiff's motion to strike. (ECF No. 38.) Construing Plaintiff's *pro se* motion liberally, she alleges in essence that Defendants' motion to dismiss constitutes an "insufficient defense." *See Hall v. Turner*, 924 F.2d 1062 n.1 (9th Cir. 1991). Judge Denney has found that Defendants' motion to dismiss raises substantial and persuasive arguments regarding personal jurisdiction, subject matter jurisdiction, service, and compliance with Rule 8. (ECF No. 54.) Taking into account the parties' heavy briefing of both the procedural and substantive aspects of the motion to dismiss (ECF Nos. 32, 33, 34, 37, 95, 112, 116, 129), and their briefing of Plaintiff's motion to strike (ECF Nos. 37, 47), the Court concurs with Judge Denney. Defendants' motion to dismiss is far from "spurious." *Fantasy*, 984 F.2d at 1527. It should be evaluated on the merits, and in fact, on the merits it succeeds. *See infra*, Section I.B.

**B. Defendants' motion to dismiss is granted. (ECF No. 23.)**

Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists. *See KVOS, Inc. v. Assoc. Pres*s, 299 U.S. 269, 278 (1936). The plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 268 (9th Cir.1995); *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir.1977). In determining whether Plaintiff has met this burden, uncontroverted allegations in Plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor. *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996).

Personal jurisdiction must comport with the state long-arm statute, and with the requirements of due process. *Omeluk*, 52 F.3d at 269. Because Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution, it is sufficient to show that the exercise of personal jurisdiction

1    would comply with due process. Nev.Rev.Stat. § 14.065 (2001); *see id.*

2    Courts have general jurisdiction over individuals where they live. *See*

3    *Vontress v. Nevada*, No. 218CV01746RFBPAL, 2019 WL 2503948, at *1 (D. Nev.

4    June 17, 2019) (citing *Milliken v. Meyer*, 311 U.S. 457, 462–64 (1940)). Specific

5    jurisdiction "exists when there are sufficient minimal contacts with the forum

6    such that the assertion of personal jurisdiction 'does not offend traditional

7    notions of fair play and substantial justice.'" *Waterfall Homeowners Ass'n v.*

8    *Viega, Inc.,* 283 F.R.D. 571, 576 (D. Nev. 2012) (citing *Int'l Shoe Co. v. State of*

9    *Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). In

10   the Ninth Circuit, a three-part test dictates whether specific jurisdiction can be

11   exercised over the defendant: (1) Defendants must have performed some act or

12   consummated some transaction with the forum by which they purposefully

13   availed itself of the privilege of conducting business in Nevada; (2) Plaintiff's

14   claims must arise out of or result from Defendants' forum-related activities; and

15   (3) the exercise of jurisdiction must be reasonable. *Burger King Corp. v.*

16   *Rudzewicz*, 471 U.S. 462, 475 (1985); *Haisten v. Grass Valley Med.*

17   *Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir.1986).

18   In the absence of general or specific jurisdiction, courts may also exercise

19   personal jurisdiction over defendants who have given "express or implied consent

20   to the personal jurisdiction of the court," *Ins. Corp. of Ireland v. Compagnie des*

21   *Bauxites de Guinee*, 456 U.S. 694, 703 (1982). These arrangements often take the

22   form of a contractual forum-selection clause or a stipulation. *Burger King Corp.*

23   *v. Rudzewicz*, 471 U.S. 462, 473 (1985)

24   This Court lacks personal jurisdiction over Defendants. General jurisdiction

25   does not lie because Defendants reside in Florida. (ECF Nos. 7, 23.) There is no

26   dispute on that point. As for specific jurisdiction, Plaintiff has not met her burden

27   to show that the complaint relates to Defendants' purposeful contacts with the

28

3

state of Nevada. Many of the acts giving rise to the complaint relate to a trust apparently governed by the state law of Florida, and a Florida state court trial and appeal. (ECF Nos. 7, 23). As for the rest of the alleged acts, it is not clear where they occurred, but there has been no allegation that they took place in Nevada. (ECF No. 7.) In one of Plaintiff's filings, she argues that personal jurisdiction is proper because Defendants "purposefully stole and directed their actions," and that exercising jurisdiction over their claims would serve "substantial justice." (ECF No. 38.) Nevertheless, the intentionality of Defendants' conduct and the strength of Plaintiff's claims cannot establish personal jurisdiction where Plaintiff has not alleged that the supposed wrongs arise out of or result from Defendants' purposeful Nevada-related activities, or indeed that Defendants have ever purposefully availed themselves of the privileges of conducting business in Nevada.

Defendants have not consented to the exercise of personal jurisdiction in this case. Plaintiff argues that the Defendants consented to jurisdiction, referencing Defendants' case management report and pointing out that Defendants have made filings and participated in the case. (ECF No. 95.) A defendant does not consent to personal jurisdiction merely by participating in the litigation, and nothing shows that Defendants have otherwise entered into an agreement to litigate in Nevada. *See, e.g. Siren Gaming, LLC v. Arviso*, 153 F. App'x 420, 421 (9th Cir. 2005); *Pfister v. Selling Source*, LLC, 931 F. Supp. 2d 1109, 1116 (D. Nev. 2013). Defendants' case management report states that "Defendants do not believe this Court has either personal or subject matter jurisdiction to decide the issues raised by Plaintiff's Complaint, as discussed more thoroughly in Defendants' pending Motion to Dismiss." (ECF No. 49.)

As this case is dismissed for lack of personal jurisdiction, dismissal is without prejudice. *Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. 2011)

("dismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice").

## II.    CONCLUSION

It is therefore ordered that Defendant's motion to dismiss (ECF No. 23) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is instructed to ENTER JUDGMENT accordingly and to CLOSE this case.

It is furthermore ORDERED that Plaintiff's motion to strike Defendants' motion to dismiss (ECF No. 38) is denied.

It is furthermore ORDERED that Plaintiff's motion to dismiss Defendants' motion to dismiss (ECF No. 129) is denied as moot.

It is furthermore ORDERED that Plaintiff's motions for default judgment (ECF Nos. 41, 44) are denied as moot.

It is furthermore ORDERED that Plaintiff's motion to strike Defendants' response to the first motion for default judgement (ECF No. 58) is denied as moot.

It is furthermore ORDERED that Plaintiff's motion to compel Defendants to respond to the complaint (ECF No. 119) is denied as moot.

It is furthermore ORDERED that Plaintiff's demand for discovery (ECF No. 126) is denied as moot.

It is furthermore ORDERED that Plaintiff's motion for summary judgment (ECF No. 74) is denied as moot.

It is furthermore ORDERED that Plaintiff's request for submission of summary judgment (ECF No. 102) is denied as moot.

It is furthermore ORDERED that Plaintiff's motion regarding the personal liability of the defendants (ECF No. 26) is denied as moot.

It is furthermore ORDERED that Plaintiff's motion for the federal court to implement certain laws (ECF No. 112) is denied as moot.

1        It is furthermore ORDERED that Plaintiff's request to consider criminal
2   charges (ECF No. 103) is denied as moot.

3        It is furthermore ORDERED that Plaintiff's motion to calendar for a trial
4   (ECF No. 91) is denied as moot.

5        It is furthermore ORDERED that Plaintiff's motion for treble damages (ECF
6   No. 28) is denied as moot.

7        It is furthermore ORDERED that Defendants' motion to consolidate (ECF
8   No. 80) is denied as moot.

9        It is furthermore ORDERED that Defendants' motion to stay (ECF No. 59)
10  is denied as moot.

11       It is furthermore ORDERED that Defendants' motion to strike Plaintiff's
12  excess responses to the motion to dismiss (ECF No. 35) is denied as moot.

13       DATED: November 26, 2025

14
15
16  _____
    ANNE R. TRAUM
17  UNITED STATES DISTRICT JUDGE

18
19
20
21
22
23
24
25
26
27
28