UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA WOOD,

Plaintiff,

v.

JANSEN WOOD, *et al.*,

Defendants.

Case No. 3:25-cv-180-ART-CSD

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND MOTION TO SET JURY TRIAL (ECF Nos. 139, 140, 141, 142)

*Pro se* Plaintiff Andrea Wood sues her siblings Jansen Wood and Melissa Wood over the management of their father's estate, bringing claims sounding in tort, contract, breach of fiduciary duty, and the federal Constitution. (ECF No. 7.) On November 26, 2025, this Court dismissed the action for lack of personal jurisdiction. (ECF No. 137.) Plaintiff subsequently filed several motions to reconsider (ECF Nos. 139, 140, 141) and a motion to set a date for a jury trial. (ECF No. 142.) For the reasons discussed below, the Court denies Plaintiff's motions.

A motion for reconsideration after final judgment may be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A party may also seek relief under Rule 60(b), which permits reconsideration upon "a

showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *ACandS, Inc.,* 5 F.3d at 1263.

The Court finds that Plaintiff has not met either of these standards justifying relief. Under the law of personal jurisdiction, a plaintiff cannot hale nonconsenting defendants into a court in Nevada when those defendants do not have the requisite connection with the forum state. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *Haisten v. Grass Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1397 (9th Cir.1986). This case was dismissed on that basis. Plaintiff's three motions do not discuss personal jurisdiction or allege that Defendants have made purposeful contacts with the state of Nevada. Plaintiff alleges that the dismissal infringed upon her procedural rights, such as her right to discovery (ECF No. 141), but nothing in the dismissal order bars Plaintiff from invoking those rights in the correct forum.

**Conclusion**

It is therefore ordered that Plaintiff's motions for reconsideration (ECF No. 139, 140, 141) are DENIED.

It is further ordered that Plaintiff's motion to set a date for a jury trial (ECF No. 142) is DENIED.

Dated: April 22, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE